THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

REBECCA L. MARTINEZ                                                                                                PLAINTIFF

vs.                                            Civil No. 6:11-cv-06050

MICHAEL J. ASTRUE                                                                                                DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Rebecca L. Martinez ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications on June 17, 2009. (Tr. 9, 100-110). In her applications, Plaintiff alleged she was disabled due to back problems. (Tr. 136). Specifically, she alleged the following: "I have constant lower back pain, i can't sit or stand for any length of time. i cannot lift over a gallon of milk." *Id.* Plaintiff alleged an onset date of September 2, 2002. *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

These applications were denied initially and again on reconsideration. (Tr. 47-50).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 66-67, 71-92). An administrative hearing was held on March 3, 2010, and the hearing transcript states this hearing was held in Hochberg, Arkansas. (Tr. 30-46). At the administrative hearing, Plaintiff was present and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") David Elmore testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (DIB) and 20 C.F.R. § 416.963(c) (SSI), and had completed the seventh grade in school. (Tr. 33).

On July 15, 2010, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 9-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2003. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 2, 2002. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairment: Degenerative Disc Disease of the Lumbar Spine. (Tr. 11-12, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-16, Finding 5). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. *Id.* Second, the ALJ found Plaintiff retained the RFC to perform the following:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the limitations that she can lift twenty pounds occasionally and ten pounds frequently; stand or walk for six to eight hours in an eight-hour workday; and sit for six to eight hours in an eight-hour workday. Additionally, she is limited to no more than occasional climbing, balancing, stooping, kneeling, crouching and crawling; and should avoid concentrated exposure to hazards, such as moving machinery, and working around unprotected heights.

(Tr. 12-16, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 16, Finding 6). The ALJ then evaluated whether Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 16-17, Finding 10). The ALJ based his findings upon the responses of the VE to his hypothetical questions. (Tr. 16-17, Finding 10; 43-45). Specifically, the VE testified that, given all the limitations the ALJ found credible, a hypothetical person would be able to perform work as a cashier (unskilled, light) with 9,000 such jobs in Arkansas and 1,000,000 such jobs in the national economy. (Tr. 17). Based upon this finding, the ALJ determined Plaintiff could perform other work existing in significant numbers in the national economy and had not been under a disability, as defined in the Act, from September 2, 2002 through the date of his decision or through July 15, 2010. (Tr. 17, Finding 11).

On August 6, 2010, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On June 16, 2011, the Appeals Council declined to review this disability determination. (Tr. 1-3). On June 28, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 22, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

2.   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged

4

in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ erred in finding her impairments did not meet the requirements of Listings 1.02 and 1.04(a); (2) the ALJ erred in failing to consider her non-exertional limitations; and (3) the ALJ erred in evaluating her credibility. ECF No. 10 at 1-20. In response to these arguments, Defendant argues substantial evidence supports the ALJ's RFC finding, the ALJ properly found Plaintiff's impairments did not meet or equal the requirements of a Listing, and the ALJ properly considered Plaintiff's subjective complaints. ECF No. 11 at 1-14. The Court will address all three of Plaintiff's arguments for reversal.

    A.    **Listing 1.02 and 1.04(A)**

Plaintiff claims the ALJ erred by finding her impairments did not meet or equal the requirements of Listings 1.02 and 1.04(A). ECF No. 10 at 9-13. Listing 1.02 requires a

demonstration of a "gross anatomical deformity" such as "subluxation, contracture, bony or fibrous ankylosis, instability." Plaintiff, however, has not provided any demonstration that she suffers from such a deformity. ECF No. 10. Listing 1.02 also requires an impairment in a "weight-bearing joint" which results in an "inability to ambulate effectively." Plaintiff also has not provided any demonstration she suffers from an inability to ambulate effectively. ECF No. 10. Instead, Plaintiff testified she was able to walk "30 minutes or so," grocery shop, and did not require the use of an electric cart. *Id.* Thus, this Court finds Plaintiff has not met her burden of establishing she meets the requirements of Listing 1.02. *See McCoy v. Astrue,* 648 F.3d 605, 611 (8th Cir. 2011) (holding that "[t]o qualify for disability under a listing, a claimant carries the burden of establishing that his [or her] condition meets or equals all specified medical criteria").

Listing 1.04(A) applies to "Disorders of the spine," and such a disorder must result "in compromise of a nerve root . . . or the spinal cord." In her briefing, Plaintiff references her results from an MRI dated June 24, 2009 wherein she was found to have a "questionable mass effect on the right L5 nerve root." (Tr. 317). Even though this "questionable mass" is referenced in this MRI, Plaintiff still has no demonstrated this mass results in a "compromise" of the L5 nerve root. Indeed, on January 12, 2010, Plaintiff's x-rays demonstrated no such "compromise," and this "questionable mass" was not even referenced. (Tr. 324). Thus, the Court finds Plaintiff has not met her burden of establishing she meets the requirements of Listing 1.04(A).

### B.  Non-Exertional Limitations

Plaintiff claims the ALJ did not properly consider her non-exertional limitations. ECF No. 10 at 13-17. Based upon her briefing, it appears Plaintiff is arguing the ALJ failed to properly consider her non-exertional limitations because he relied upon the Medical-Vocational Guidelines

or the "Grids."² *Id.* Instead of relying upon the Grids, Plaintiff argues the ALJ should have relied upon testimony from a VE in order to fully evaluate her non-exertional limitations. *Id.* In this case, however, the ALJ *did not* utilize the Grids. Instead, the ALJ fully considered Plaintiff's non-exertional limitations and relied upon the testimony of a VE in determining whether she could perform other work. (Tr. 16-17, Finding 10). Thus, the Court finds this claim is meritless.

### C.   Credibility Determination

Plaintiff claims the ALJ erred in assessing her credibility. ECF No. 10 at 17-20. Plaintiff has not provided any substantive briefing supporting her argument that the ALJ improperly evaluated her subjective complaints. *Id.* Thus, this Court will generally review the ALJ's assessment of her credibility. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.³ *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.

---

² Under this argument header, Plaintiff also alleges the ALJ erred by improperly considering her subjective complaints. ECF No. 10 at 13-17. This issue will be further addressed in the final section of this order.

³ Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski*.  First, the ALJ considered Plaintiff's daily activities.  (Tr. 13).  The ALJ noted the following regarding those daily activities: "she is able to complete light housework, prepare her own meals, and do dishes laundry, dusting, and make beds. . . . she also asserts she is able to drive an automobile, leave her home unaccompanied, and shop for groceries and household items about twice a month for around an hour a time, although she does note that she has to sit and take a break while shopping."  (Tr. 13).  Second, the ALJ considered the duration, frequency, and intensity of the pain.  (Tr. 14).  The ALJ noted that Plaintiff claimed to suffer from "discomfort and symptoms from her back impairment on a daily basis." *Id.* However, after reviewing the symptoms she reported to her physicians and after reviewing their findings, the ALJ determined she would still be able to perform a restricted range of light exertional

work even with this reported pain. *Id.*

Third, the ALJ found her precipitating and aggravating factors were "attributed to normal physical activity." (Tr. 14). Fourth, the ALJ considered her medication and found her "medication is successful in controlling her back impairment to the extent that she can engage in a limited range of light exertional work." (Tr. 14). The ALJ also noted in evaluating her medication that her "back impairment has not required extensive medical treatment other than medication." *Id.* The ALJ found this indicates her impairment is not so severe as to preclude a restricted range of light work. (Tr. 14-15). Fifth and finally, the ALJ evaluated Plaintiff's functional restrictions in finding she could only perform a restricted range of light work: "she is limited to no more than occasional climbing, balancing, stooping, kneeling, crouching and crawling; and should avoid concentrated exposure to hazards, such as moving machinery, and working around unprotected heights." (Tr. 12). Because the ALJ fully considered the *Polaski* factors and provided "good reasons" for discounting Plaintiff's subjective complaints, this Court finds the ALJ's credibility determination is supported by substantial evidence. *See Finch v. Astrue,* 547 F.3d 933, 935 (8th Cir. 2008) (noting that a court may defer to the ALJ's credibility determination if the ALJ explicitly discredits the claimant's testimony and gives good reasons for doing so) (citation and quotations omitted).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of May 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE